Argued and submitted March 23, vacated and remanded for dismissal of the
challenge to the garnishment October 4, 2006

## Vanessa Sue EMMONS,
*Appellant,*

*v.*

## Terry Kelly TYRRELL,
*Defendant,*

*and*

## ALLSTATE INSURANCE COMPANY,
*Respondent.*

012330; A124638

145 P3d 252

Kathryn H. Clarke argued the cause for appellant. With her on the brief was Michael A. Gilbertson.

Lisa E. Lear argued the cause for respondent. With her on the brief were Beth Skillern, Holly E. Pettit, and Bullivant Houser Bailey PC.

Before Haselton, Presiding Judge, and Armstrong and Ortega, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from a judgment in favor of garnishee in garnishee's challenge to a writ of garnishment. We conclude that, because garnishee did not have statutory standing to challenge the writ of garnishment, the trial court lacked authority to adjudicate the challenge. We vacate and remand for dismissal of the challenge.

Plaintiff brought the underlying action against defendant for damages she incurred after defendant pushed her down a short flight of stairs on defendant's porch. Defendant has a homeowner's insurance policy with garnishee. Defendant failed to appear in the action, and plaintiff obtained a default judgment against him. Plaintiff then served a writ of garnishment on garnishee, seeking to garnish the debt that garnishee owed to defendant in the form of proceeds from the homeowner's insurance policy resulting from her claim against defendant. Garnishee, using the form set forth in ORS 18.850 (2001), *amended by* Or Laws 2003, ch 85, § 22, filed a challenge to the writ of garnishment.[1]

Garnishee then moved for summary judgment, asserting that it owed no debt to defendant because its insurance policy with defendant did not cover plaintiff's injuries that resulted from defendant pushing her down the stairs. The exclusion on which garnishee relied provides that the insurance policy does not cover "any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**." (Boldface in original.) The trial court granted garnishee's motion for summary judgment, concluding that, because a push is an intentional act, plaintiff's injuries were not covered by garnishee. The trial court then entered a judgment in favor of garnishee on its challenge, from which plaintiff appeals.

Though no party raises the question, we are obligated to determine whether garnishee's challenge to the writ of garnishment is justiciable. *Poddar v. Clatsop County*, 167

---

[1] The form prescribed by ORS 18.850 (2003) makes clear to the user of the form precisely what we articulate here today.

Or App 162, 164, 2 P3d 929 (2000). Specifically, we are concerned here with whether garnishee had statutory standing to initiate a challenge to the writ of garnishment. As the Supreme Court explained in *Yancy v. Shatzer*, 337 Or 345, 349, 97 P3d 1161 (2004), "[e]ncompassed within the broad question of justiciability are a constellation of related issues, including standing, ripeness and mootness." If garnishee lacked statutory standing to initiate this challenge to the writ of garnishment, then the challenge is nonjusticiable and the trial court lacked authority to adjudicate it.

ORS 18.700 defines the manner in which a challenge may be made to a writ of garnishment. It provides, in part:

"(1) A *debtor* may use a challenge to a garnishment to claim such exemptions from garnishment as are permitted by law. A challenge to a garnishment may also be used by a *debtor*:

"(a) To assert that the amount specified in the writ of garnishment as being subject to garnishment is greater than the total amount owed by the debtor to the creditor; or

"(b) To assert that property is not garnishable property.

"* * * * *

"(5) A challenge to a garnishment may be used only for the purposes specified in this section and ORS 18.725."

(Emphasis added.) For purposes of the garnishment statutes, including ORS 18.700, a debtor is "a person whose property is being garnished for the purpose of paying a debt owed to a creditor." ORS 18.600(4). Here, the debtor is defendant.

The text of ORS 18.700(5) makes clear that a challenge to a garnishment is available only for the purposes articulated in ORS 18.700 and ORS 18.725; it expressly prohibits its use for any other purpose. The purposes articulated in ORS 18.700 allow only the debtor to challenge a garnishment. Garnishee is not the debtor. Thus, unless one of the provisions specified in ORS 18.725 allows garnishee to bring a challenge, it is not authorized by the statutes to challenge the garnishment in the manner in which it attempted below.

ORS 18.725 provides:

> "Any person other than a debtor who has an interest in any garnished property or in any part of the garnished property may assert that interest by filing with the court administrator for the court specified in the writ of garnishment an application in substantially the form set forth in ORS 18.850 for a challenge to a garnishment. The provisions of ORS 18.700 to 18.715 apply to an application made under this section."

Under that statute, garnishee may bring a challenge to the garnishment if it has an interest in the garnished property. ORS 18.615 enumerates the types of property that can be garnished, specifically

> "all personal property of the debtor, including but not limited to property in safe deposit boxes, stocks, wages, *monetary obligations owing to the debtor that are then in existence whether due or to become due,* property held on expired and unexpired bailments and leases, and property held by the garnishee pursuant to a security interest granted by the debtor to the garnishee."

(Emphasis added.) Here, the garnished property is whatever debt garnishee owes to defendant in the form of proceeds under the insurance policy to indemnify him for his liability to plaintiff. Garnishee does not claim that it has an interest in the debt that it owes to defendant; rather, it claims that it does not owe *any* debt to defendant. In essence, it argues that the property that plaintiff is attempting to garnish does not exist, not that garnishee has an interest in it. Consequently, neither ORS 18.700 nor ORS 18.725 authorizes garnishee to bring a challenge to a garnishment, and the text of ORS 18.700(5) therefore expressly prohibits garnishee from using a challenge to the garnishment.

The context of ORS 18.700 and ORS 18.725 confirms that conclusion. ORS 18.680(1) provides that, except in circumstances not applicable here, "a garnishee must prepare a garnishee response in substantially the form provided by ORS 18.835" within seven days of its receipt of the writ of garnishment. ORS 18.835 provides that the garnishee response form must include a list of statements and instruct

the garnishee to check the statements that apply. One of the statements that a garnishee can check provides:

> "I do not employ the Debtor, I do not have in my possession, control or custody any personal property of the Debtor, and *I do not owe any debts or other obligations to the Debtor.*"

(Emphasis added.) If the garnishor is dissatisfied with the garnishee's response, then the onus is on him to request a hearing on the matter. ORS 18.778.

The statutes providing a method by which a garnishee may assert that it owes no debt to the debtor provide context to the challenge statutes and support the conclusion that a challenge to a garnishment is available only to debtors and persons asserting an interest in the garnished property. A garnishment challenge cannot be used by a garnishee to assert that it owes no debt to the debtor; that is what the garnishee response form is for. As a result, garnishee lacks statutory standing under the garnishment statutes to file a challenge to the garnishment, and the trial court did not have authority to adjudicate garnishee's challenge.

Vacated and remanded for dismissal of the challenge to the garnishment.